FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

99 FEB 10 PM 3: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WILLIAM B. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 98-PT-0795-E |
| | ) | |
| SUPERIOR JEEP, EAGLE, | ) | |
| CHRYSLER, PLYMOUTH, MAZDA, | ) | |
| and CECIL C. CANNON, an | ) | |
| individual, | ) | **ENTERED** |
| | ) | |
| Defendants. | | **FEB 1 0 1999** |

**ENTERED**

FEB 1 0 1999

**ADDENDUM TO MEMORANDUM OPINION**

Although the court did not reach the merits of the Family and Medical Leave Act claim, the court calls attention to the following provisions:

(1) 29 U.S.C. § 2611(a)(1) "Entitlement to leave . . . .

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." (The court notes that there is no reference here to keeping medical appointments).

(2) 29 U.S.C. §2612(b)(1) refers to leave being medically necessary.

(3) 29 U.S.C. § 2612 (e)(2)(A) states that an employee "shall make a reasonable effort to schedule the treatment so as not to disrupt unduly the operations of the employer, subject to the approval of the health care provider of the employee. . . ."

(4)   The court does recall facts involving the possible application of 29 U.S.C. § 2612 (e)(2)(B).

This _____ day of February, 1999.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE